Good morning. May it please the Court. I'm John Bennett. I'm representing Mr. Martinez-Cruz. The issue here is whether, under El Salvadorian law, the separation of the legal marriage of the parties and the consequent separation of the parties is recognizable legally under Martelian law. Let me ask you, you said the marriage of the parties? Yes, Your Honor. And so it's your position that the biological parents were married? They were married under a very informal procedure in El Salvador that I cited in the Petitioner. They set up a household. Both their addresses on Mr. Martinez-Cruz, their birth certificates are the same. They set up a household and they had children, and that, apparently under El Salvadorian law, is sufficient. Now, what in the record was introduced before the IJ to document that that was the legal marriage under El Salvadorian law? I don't believe anything, Your Honor. Okay, so then how can we give cognizance to that marriage if it weren't proved to be legal before the IJ? But that is the question at hand, Your Honor. This is not a case where anything needs to be proven. Mr. Martinez-Cruz only needed to establish a reasonable likelihood that it was. The district court and the immigration judge and the BIA both required him to produce clear and convincing evidence of this marriage, and neither one was possible. He had no counsel. He was incarcerated. Now, so you say the standard is whether or not there's a reasonable likelihood? Yes, Your Honor. That he is a citizen? A reasonable likelihood of the marriage and legal separation. What case says that? I beg your pardon? What case says that? Of what? That the standard is a reasonable likelihood that the marriage was valid. It's in my brief, Your Honor. I don't recall. If that's your most important point, you don't have a case to support it at hand? At hand? In your head. You don't have a case at the top of your – on the top of your – that you can cite right here now if that's your most important point? No, Your Honor. It is in the brief, and I didn't – that wasn't one of the things I – I thought that was clear law. All right. Go ahead. Okay. Now, it's true that Barthelemy anticipates that marriage is a necessary condition for legal separation. But what's crucial under Manassian is the law of the state at hand, the foreign state. Now, Mr. Cruz was born and his parents married and separated under El Salvadorian law. Neither the BIA nor the IJ looked to the El Salvadorian law or even California law to determine whether there was marriage or whether there was legal separation. The law of the state was applied, and therefore, the case will interpret as a remand to the BIA for new analysis. His mother was never heard from, was she? I mean, she never submitted an affidavit, a statement, or anything of that nature. His mother never did indicate whether she felt they were married or unmarried or she had custody or didn't have custody. Even up to this moment, she has never apparently come forward, has she? No, Your Honor, but under El Salvadorian law, we don't believe that's necessary. It's an informal type of thing. It seems like it would be very easy for her to simply write a note or a letter, an affidavit saying, we were married under El Salvadorian law or we weren't married or I had custody or he had custody. I mean, she's just a silent – it's kind of like the silent elephant in the room that we don't know what her position is.  Mr. Martinez Cruz moved here a long time ago. Okay. Well, in other words, you're saying he doesn't know where his mother is at this point. I presume he doesn't, Your Honor. I don't know that for certain. There's some indication in the record that he actually had contact with her periodically and in 2006 actually had contact with her briefly, but you don't know about that? I don't know that for certain. I can't swear to that, Your Honor. Okay. Counsel, are you familiar with 8 CFR section 341.2? I'm afraid, Your Honor, yes. Okay. It appears to say that the burden of proof shall be upon the claimant to establish the claimed citizenship by a preponderance of the evidence. Okay. And so how does that jive with your representation that you only have to prove a reasonable likelihood or whatever? I believe the case law does say reasonable likelihood. Certainly it doesn't say clear and convincing evidence, as was required by the BIA in this case. And with the question of the court. Counsel, judge will have to judge you about a question. So what is the evidence? Assuming they have been married under the authority of the teacher that you rely on, what is the evidence in the record that they have a legal separation that would measure the petitioner to be in the legal custody of the dad? The evidence, Your Honor, is that the father moved away and got married elsewhere. And I don't know El Salvadorian law. I tried to find out. I couldn't. But we would presume that since marriage is a very informal thing there among the poor, as the court in brief states, that the separation would also be informal but legal. And, therefore, either reasonable likelihood or a preponderance of the evidence has been established on that point. Counsel, what evidence in the record establishes what is required to have a valid marriage in El Salvador? I'm sorry. What in the record establishes? Nothing does, Your Honor. Okay. So how do you argue that this informal marriage is valid? What is your basis for that argument? The tourist information I found on the Internet, Your Honor. I have no other source of information. So do you think that's valid evidence upon which we can rely? No, Your Honor. I don't. I think that the case should be remanded to the BIA for formal analysis of this question, formal analysis of El Salvadorian law. I don't think that's sufficient. Counsel, did you submit an affidavit of an El Salvador lawyer about their law? No, I didn't, Your Honor. No, I do try to get that as well. We couldn't. But we pray for general relief. We pray for remand to the BIA so that this question can be properly evaluated under El Salvadorian law. And with the Court's permission, I'd like to reserve the rest of my time. All right. Please proceed, Counsel. Good morning. May it please the Court, Kate DeAngelis, for the government. The Court should dismiss the instant petition for review because the agency properly determined that the alien in question was removable and that he failed his burden of proving that he derived citizenship. In fact, as the Court's already noted, Petitioner has presented no evidence at all that he satisfied the automatic citizenship provision. And despite his argument to the contrary in his brief, which seems to be the central argument of his brief, he did in fact bear the burden, as the Court has noted, to demonstrate that he derived citizenship by the preponderance of the evidence. And there's essentially no evidence in the record that he did so. This evidence that he's introducing with his brief is extra record. It's not properly before the Court. Additionally, the argument about the El Salvador marriage is not exhausted to the agency. It was never raised. And again, even if we do look at that Internet site that's in the brief, it's not even relevant necessarily in this case, and it's not proper evidence. Counsel, what's your response to opposing counsel's argument that he was required to establish citizenship by clear and convincing evidence? The immigration judge did mention the clear and convincing standard in his decision in error. When the Board took the case, they did not mention the clear and convincing evidence standard, and there's no evidence in the Board's decision that they used that standard. Unfortunately, they didn't state clearly which standard they were using, but the fact that there's no evidence in the record and that the Board recognizes that sort of makes it not a relevant point, that they didn't state specifically that they were looking at the preponderance versus clear and convincing, because really there's just no evidence at all that would satisfy any standard. I can go through the former INA Section 321 requirements. It's pretty clear here that the issue is that legal separation has not been established, as the Court recognized in its order by felony is relevant here, and, you know, there's no proof of a marriage. There's no proof of a legal separation, and there's no proof of legal custody. So he just simply doesn't satisfy the standard. You know, there's not really much else to say here. It's the alien's burden of proof, and he really utterly failed to make his case. So if there's no further questions. It appears not. Thank you, counsel. Rebotto? May it please the Court? Your Honor, the answer to your question is Marufi v. INS, 772F2,597 from this court, which says that only a prima facie case need to be laid out. Could you state that a little slower? I didn't catch that. Marufi v. INS, 772F2,597. Only a prima facie case may be made out. Then the burden goes back to the government. The government must meet the clear and convincing standard. The Petitioner need only show a reasonable likelihood of success to meet the prima facie case. Was that on – that's for a holding of deportation case. But it's still a prima facie case, Your Honor. But that's not a citizenship case to establish citizenship. I believe the facts of the case are relevant, Your Honor. My opponent says we don't know whether – excuse me. She says that legal separation and legal marriage have been – are not proven under the facts. The trouble is we don't know El Salvadorian law, so we don't know whether any legal standards have been met. Counsel, the problem is a proponent of – I'll just go over the question. I'm having trouble understanding how, if that point is critical to your case, you could not get an affidavit from an El Salvador lawyer for citing an opinion on El Salvador law and procedures. I just – you know, I don't understand that litigation people often prove foreign law with an expert affidavit. So if the record's bare, how are we supposed to, you know, take some internet ambiguous statements? Well, Your Honor, Mr. Martinez-Cruz was incarcerated without counsel beforehand. He could not get a statement from the lawyer. We couldn't enter it into the evidence because it's outside the record. Once you're running – once you are a pro bono counsel, I'm not going to say how you could not, you know, get an El Salvador lawyer to support your theory of El Salvador law. That would affect your position. Well, in the first place, Your Honor, I did try. Also, I recognize, though, that under the court rules, that would be outside the record and would not be considerable by the court. The problem is that the Bartholomew Court looked to Haitian law to make its decision. The BIA should have looked to El Salvadorian law to make its decision. It didn't do so. And so remand is appropriate for exactly that purpose. If the court has any questions, I can – thank you. All right, thank you. And thank you, counsel, for accepting this case pro bono. Thank you. We appreciate that. All right, the case that was argued was submitted for a decision by the court. The next three cases, Lee v. Holder, Lynn v. Holder, case number 07-74342, and Peralta v. Holder are submitted on the threes.
judges: Gould, Rawlinson, Beistline